EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| División de Empleados Públicos de la Unión General de Trabajadores<br><br>Peticionario<br><br>v.<br><br>Cuerpo de Emergencias Médicas de Puerto Rico (CEMPR)<br><br>Recurrido | Certiorari<br><br>2023 TSPR 107<br><br>212 DPR ___ |

Número del Caso: CC-2022-0671

Fecha: 5 de septiembre de 2023

Tribunal de Apelaciones:

    Panel III

Abogado de la parte peticionaria:

    Lcdo. Arturo Ríos Escribano

Materia: Procedimiento Civil – Efecto sobre el término para recurrir al Tribunal de Apelaciones de una moción de reconsideración que no se notificó a la parte contraria.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| División de Empleados Públicos de la Unión General de Trabajadores<br><br>    Peticionario<br><br>          v.<br><br>Cuerpo de Emergencias Médicas de Puerto Rico (CEMPR)<br><br>    Recurrido | CC-2022-0671 |

La Jueza Asociada Señora Pabón Charneco emitió la Opinión del Tribunal.

En San Juan, Puerto Rico, a 5 de septiembre de 2023.

En esta ocasión nos toca clarificar cuándo la presentación de una Moción de Reconsideración interrumpe los términos para recurrir al Tribunal de Apelaciones. Particularmente, estamos llamados a determinar si el Tribunal de Apelaciones carecía de jurisdicción para atender un recurso de *Certiorari* que se presentó dentro del término dispuesto en la Regla 52.2 de Procedimiento Civil, *infra*, a pesar de que anteriormente se había presentado una Moción de Reconsideración que no fue notificada a la parte contraria. Por las razones que se exponen a continuación, contestamos esta interrogante en la negativa y reiteramos que los términos para recurrir al Tribunal de Apelaciones solo quedan interrumpidos por una Moción de Reconsideración que

cumpla a cabalidad con las especificaciones de la Regla 47 de Procedimiento Civil, *infra*.

## I.

El 18 de septiembre de 2019, la División de Empleados Públicos de la Unión General de Trabajadores ("la Unión" o "el peticionario") presentó una *Solicitud de Arbitraje de Quejas y Agravios* ante la Comisión Apelativa del Servicio Público ("CASP"), en representación del Sr. Wilfredo Barrientos Méndez, para impugnar su destitución del Cuerpo de Emergencias Médicas de Puerto Rico ("CEMPR" o "el recurrido"). Así las cosas, se citó a las partes a comparecer el 11 de marzo de 2020 a la vista de arbitraje. Las partes no comparecieron y se emitió una orden, con un término de diez (10) días, para mostrar causa por la cual no procedería el cierre y archivo del caso por falta de interés. El 12 de agosto de 2020, se le concedió a la Unión un término de diez (10) días adicionales para comparecer. El 27 de agosto de 2022, compareció la Unión y solicitó a la agencia que no archivara el caso excusando su incomparecencia a errores administrativos en la Unión. Posteriormente, el 8 de septiembre de 2020, el Árbitro de la CASP emitió una Resolución donde ordenó el cierre y archivo con perjuicio del caso.

Tras infructuosamente solicitar la reapertura del caso, el 8 de octubre de 2020, la Unión presentó ante el Tribunal de Primera Instancia un Recurso de Revisión Judicial. El

CEMPR nunca compareció a los procesos ante el foro de primera instancia, por lo cual este dio por sometido el recurso de Revisión el 18 de febrero de 2022. La Resolución de la CASP se confirmó mediante una Sentencia el **15 de junio de 2022.** Inconforme, la Unión presentó una Moción de Reconsideración el **30 de junio de 2022.** Así las cosas, el Tribunal de Primera Instancia emitió el **7 de julio de 2022** una Orden concediéndole al CEMPR un término de diez (10) días para que expresara su postura sobre la Moción de Reconsideración.

No obstante, **el 15 de julio de 2022,** la Unión presentó un recurso de *Certiorari* ante el Tribunal de Apelaciones. Al momento de presentar el *Certiorari*, aún estaba pendiente la adjudicación de la Moción de Reconsideración. En cuanto a lo anterior, la Unión alegó que la Moción de Reconsideración **no fue notificada al abogado de CEMPR y por tanto no interrumpió el término para presentar un recurso de Certiorari al Tribunal de Apelaciones.** Ante este hecho, la Unión entendió que la reconsideración sería denegada, y optó por presentar el recurso dentro de los treinta (30) días de haberse emitido y notificado la Sentencia del 15 de junio de 2022, para así no perder su derecho a la revisión del foro apelativo intermedio.[1] No obstante, el Tribunal de Apelaciones mediante Sentencia desestimó el recurso por falta de jurisdicción. El foro intermedió entendió que la Moción de Reconsideración

---

[1] *Certiorari*, Apéndice, pág. 7, Recurso de *Certiorari* presentado en el Tribunal de Apelaciones el 15 de julio de 2022.

interrumpió el término para recurrir en alzada y concluyó que el recurso ante ellos era prematuro mientras estaba pendiente la adjudicación de esta.

En desacuerdo, el peticionario acudió ante esta Curia y expuso que el foro apelativo intermedio erró al desestimar el recurso de *Certiorari,* toda vez que la Moción de Reconsideración que presentó ante el Tribunal de Primera Instancia no se notificó a la otra parte. La Unión arguyó que el término para recurrir al foro apelativo intermedio no quedo interrumpido, al no ser notificada la Moción de Reconsideración. Examinado el recurso, expedimos el auto. Así las cosas, emitimos una Resolución en que le concedimos un término al CEMPR para presentar su alegato, pero este no compareció. Por lo tanto, dimos por sometido el recurso sin el beneficio de su comparecencia el 5 de mayo de 2023.

**II.**

**A.**

Es norma reiterada que "los tribunales tienen el poder inherente de reconsiderar sus determinaciones, a solicitud de parte o *motu proprio*, siempre que, al actuar de esa manera, todavía conserven jurisdicción sobre el caso". *Pueblo v. Román Feliciano*, 181 DPR 679, 684 (2011); *Interior Developers v. Mun. de San Juan*, 177 DPR 693, 701 (2009). La Moción de Reconsideración es el "mecanismo que provee nuestro ordenamiento para permitir que un tribunal modifique su fallo y enmiende o corrija los errores en que haya

incurrido". *Interior Developers v. Mun. de San Juan, supra*; véase también, *Lagares v. ELA,* 144 DPR 601, 612 (1997)*;* J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. IV, págs. 1366-1367. Dicho mecanismo procesal está regido por la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, que es de origen autóctono en nuestro ordenamiento y dispone:

> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.
>
> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.
>
> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.
>
> **La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.**
>
> **Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.**
>
> **La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince**

**(15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto.** (énfasis suplido).

Conforme a lo anterior, ante una determinación del Tribunal de Primera Instancia las partes cuentan con un término de quince (15) días desde la fecha de la notificación para presentar la Moción de Reconsideración. Este término es de carácter jurisdiccional cuando se solicita la reconsideración de una Sentencia. Por otro lado, el término de quince (15) días para presentar la reconsideración de una determinación interlocutoria, ya sea una Resolución u Orden, es a su vez de cumplimiento estricto.

Además, el último párrafo de la regla requiere que el promovente notifique a las otras partes en el pleito de la presentación de una Moción de Reconsideración. La notificación se hará dentro de un término de cumplimiento estricto de quince (15) días que corre de manera simultánea con el término de presentación. Regla 47 de Procedimiento Civil, *supra*.

Este requisito fue incorporado a la Regla 47 de Procedimiento Civil de 1975, 34 LPRA ant. Ap. III, por la Ley Núm. 268-2002. Al aprobarse las Reglas de Procedimiento Civil de 2009, el requisito de notificación permaneció intacto. *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 168 (2016); Informe de Reglas de Procedimiento Civil de marzo de 2008, Secretariado de la Conferencia Judicial y Notarial, págs. 548-550. Con anterioridad a la Ley Núm. 268-2002,

*supra,* nuestro ordenamiento procesal civil no incluía alguna disposición respecto al término en el cual se debía notificar a las partes, vacío que, en su momento, fue atendido por este Tribunal. *Rivera Marcucci et al. v. Suiza Dairy, supra.* Dado lo anterior, en la Ley Núm. 268-2002, *supra,* la Legislatura acogió el criterio adoptado por esta Curia en *Lagares v. ELA*, *supra*, págs. 618-619, de que el término para notificar a las partes de una Moción de Reconsideración es el mismo que se utiliza para presentarla ante el tribunal y que es uno de cumplimiento estricto.

En *Lagares v. ELA*, *supra*, pág. 618, notamos que el requisito de notificar todas las mociones "[s]e trata de una filosofía procesal que auspicia que todas las partes del pleito estén plenamente enteradas de todo lo que allí acontece y puedan expresarse sobre todos los desarrollos en éste". Además, según consta en la Exposición de Motivos de la citada Ley Núm. 268-2002, el establecer un término para notificar la Moción de Reconsideración salvaguarda el principio de economía procesal al establecer claramente el término para notificar a las demás partes y reducir la notificación tardía que afecta la tramitación de los casos.

**B.**

Podemos observar que la Regla 47 de Procedimiento Civil, *supra*, contiene tanto términos jurisdiccionales, como de cumplimiento estricto. El incumplimiento de dichos

términos conlleva consecuencias distintas, así pues, resulta pertinente discutir brevemente cada uno.

Por un lado, cuando el término es jurisdiccional, como es el caso en la Moción de Reconsideración a una Sentencia, la presentación tardía es un defecto fatal que priva al tribunal de jurisdicción para atender el asunto. *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012); R. Hernández Colón, Práctica jurídica de Puerto Rico: Derecho Procesal Civil, 6ta ed., San Juan, Ed. Lexis-Nexis, 2017, pág. 235.

A *contrario sensu*, para solicitar la reconsideración de una determinación interlocutoria y para notificar toda Moción de Reconsideración el término es de cumplimiento estricto. Regla 47 de Procedimiento Civil, *supra*. Dichos términos no son fatales y se pueden extender o prorrogar, si la parte que presentó o notificó fuera de término demostró justa causa por la demora. *Rivera Marcucci et al. v. Suiza Dairy*, *supra*, pág. 170; *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013). Por tal motivo, se le requiere a la parte que solicite la prórroga o actúe fuera de término que presente, mediante escrito debidamente evidenciado, explicaciones concretas y particulares que permitan concluir que hubo una excusa razonable para la tardanza o demora. *Soto Pino v. Uno Radio Group, supra,* pág. 93; *Febles v. Romar,* 159 DPR 714, 720(2003).

A falta de justa causa o ante excusas vagas y generales los tribunales no gozan de discreción para prorrogar los términos de cumplimiento estricto. *Rivera Marcucci et al. v. Suiza Dairy*, *supra*, pág. 170; *Soto Pino v. Uno Radio Group*, *supra,* págs. 92-93. Además, hemos expresado que "es un deber acreditar la existencia de justa causa, incluso antes de que un tribunal se lo requiera, si no se observa un término de cumplimiento estricto". *Soto Pino v. Uno Radio Group*, *supra,* pág. 97.

### C.

Es importante notar que los términos dispuestos en la Regla 47, *supra,* y en la Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, para recurrir al Tribunal de Apelaciones, inician simultáneamente con la notificación de la determinación de la cual se busca la reconsideración o revisión en alzada.

No obstante, las Reglas 47 y 52.2 de Procedimiento Civil, 32 LPRA Ap. V, disponen que la solicitud de reconsideración tiene el efecto de paralizar los términos para acudir en revisión al Tribunal de Apelaciones. Consecuentemente, "[d]e presentarse un recurso de apelación antes de que el Tribunal de Primera Instancia disponga de esa moción, este sería prematuro, por lo que el foro apelativo intermedio carecería de jurisdicción para atenderlo". *Rivera Marcucci et al. v. Suiza Dairy*, *supra*, pág. 174. Por último, los términos para recurrir al Tribunal

de Apelaciones "comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración". Regla 47 de Procedimiento Civil, *supra.*

Bajo el esquema de las Reglas de Procedimiento Civil, la paralización es automática desde la presentación de la moción, "siempre y cuando se cumpla con los requisitos de fondo expuestos en la regla". Informe de Reglas de Procedimiento Civil de marzo de 2008, Secretariado de la Conferencias Judicial y Notarial, pág. 551. Esto se debe a que la propia regla dispone que "[l]a moción de reconsideración que no cumpla con las especificidades de esta regla será declarada 'sin lugar' y se entenderá que no ha interrumpido el término para recurrir". Regla 47 de Procedimiento Civil, *supra.*

Por lo tanto, el "efecto interruptor no opera de manera aislada". *Rivera Marcucci et al. v. Suiza Dairy, supra,* pág. 167. La interrupción está condicionada a que el Tribunal de Instancia pase juicio de si la moción cumplió con las exigencias de la Regla 47 de Procedimiento Civil, *supra.* Hernández Colón, *op. cit.,* pág. 443. En síntesis, aun cuando se presente una Moción de Reconsideración a tiempo, esta no tendrá el efecto de paralizar los términos si se incumple con la Regla 47 de Procedimiento Civil, *supra.* Entre las exigencias de la Regla 47 de Procedimiento Civil, *supra,*

está el antes discutido requisito de notificar a las demás partes de la presentación de la Moción de Reconsideración.

En *Rivera Marcucci et al. v. Suiza Dairy, supra*, pág. 179, resolvimos que el incumplimiento con el requisito de notificar una Moción de Reconsideración dentro del término de cumplimiento estricto supedita el efecto interruptor de los términos para recurrir en alzada a la determinación ulterior de si hubo o no justa causa por la tardanza. En dicho caso revocamos al Tribunal de Apelaciones por acoger un recurso de apelación que fue presentado fuera de término, dado a que la reconsideración que se presentó en el Tribunal de Instancia se notificó fuera de término sin dar razones que constituyeran justa causa. Consecuentemente, en dicho caso no se interrumpió el término para recurrir ante el Tribunal Apelativo y el recurso fue presentado fuera de término.

**D.**

Por otra parte, las Reglas de Procedimiento Civil establecen como principio rector la solución justa, rápida y económica de todo procedimiento. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V. En lo pertinente al caso de autos, la Regla 44.2 de Procedimiento Civil, *supra*, faculta al tribunal a imponer "costas interlocutorias a las partes y sanciones económicas en todo caso y en cualquier etapa a una parte o a su representante legal por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de

diligencia en perjuicio de la eficiente administración de la justicia". La imposición de sanciones bajo la Regla 44.2 de Procedimiento Civil, *supra,* está sujeta a la sana discreción del tribunal. *Lluch v. España Service Sta.*, 117 DPR 729, 748(1986).

Al interpretar la Regla 44.2 de Procedimiento Civil de 1975, 34 LPRA ant. Ap. III, señalamos que "[e]l propósito de esta regla es proveer al tribunal un instrumento adicional para agilizar los procedimientos y de esta manera evitar la demora y congestión en los tribunales". *Lluch v. España Service Sta.*, *supra*, págs. 748-749; *Pérez Torres v. Acad. Perpetuo Socorro*, 182 DPR 1016, 1027 (2011). Conforme lo anterior, el tribunal a iniciativa propia "puede imponer sanciones cuando la conducta de las partes vaya en perjuicio de la eficiente administración de la justicia". *Lluch v. España Service Sta.*, *supra*, pág. 749.

**III.**

A la luz de la normativa expuesta, pasemos a analizar los hechos particulares del caso de autos. El asunto medular es determinar si el término para acudir al Tribunal de Apelaciones fue interrumpido por la Unión al presentar la Moción de Reconsideración ante el Tribunal de Primera Instancia. Adicionalmente, tenemos la oportunidad para pautar cómo se debe atender en el futuro el peculiar escenario procesal que surgió en este caso.

La parte peticionaria contaba con dos opciones para recurrir de la Sentencia que emitió el Tribunal de Primera Instancia el 15 de junio de 2022. Primero, podía presentar una Moción de Reconsideración ante el tribunal que emitió el fallo, contando con un término jurisdiccional de quince (15) días para su presentación. Ese término vencía el 30 de junio de 2022. También en ese día vencía el término de cumplimiento estricto para notificar al recurrido de la Moción de Reconsideración.

En segundo lugar, el recurrido contaba con un término de treinta (30) días desde la notificación de la Sentencia para presentar su recurso de *Certiorari* ante el Tribunal de Apelaciones. Ese término vencía el 15 de julio de 2022.

Según surge del expediente de autos el peticionario optó por presentar la Moción de Reconsideración ante el Tribunal de Primera Instancia el 30 de junio de 2022. Por ende, no hay duda de que la Moción de Reconsideración se presentó en el término dispuesto. **No obstante, el peticionario no notificó la moción a la parte recurrida dentro del término de cumplimiento estricto. Tampoco surge del expediente que el peticionario haya informado al Tribunal de Primera Instancia de este hecho.** Además, el peticionario no demostró justa causa para la inobservancia de la notificación a la parte contraria.

Conforme lo antes discutido, los Tribunales no pueden prorrogar los términos de cumplimiento estricto sin que se

haya demostrado justa causa por la tardanza. *Rivera Marcucci v. Suiza Dairy*, *supra*, pág. 170; *Soto Pino v. Uno Radio Group.*, *supra*, pág. 92. **Por tanto, la Moción de Reconsideración del peticionario no cumplió con la Regla 47 de Procedimiento Civil, *supra*. Ante la ausencia de justa causa el Tribunal de Primera Instancia debió declarar la moción "sin lugar".** No obstante, al desconocer sobre la falta de notificación, el Tribunal de Primera Instancia en vez le concedió al Recurrido un término de diez (10) días para que se expresará sobre la moción.

Consciente de su error en la tramitación de la Moción de Reconsideración y ante la acción del foro de primera instancia, el peticionario presentó un recurso de *Certiorari* al Tribunal de Apelaciones el 15 de julio de 2022. Podemos ver que el recurso al foro revisor intermedio fue presentado a los treinta (30) días de haberse emitido y notificado la Sentencia del Tribunal de Primera Instancia. Aunque se presentó una Moción de Reconsideración ante el Tribunal de Primera Instancia, **dado a que el peticionario no cumplió con la Regla 47 de Procedimiento Civil, *supra*, esta no interrumpió el término para recurrir al Tribunal de Apelaciones**. Así pues, es indiscutible que el peticionario presentó su recurso de *Certiorari* dentro del término dispuesto por la Regla 52.2 de Procedimiento Civil, *supra,* y que el Tribunal de Apelaciones tenía jurisdicción para resolver el recurso que se trajo ante su consideración.

No obstante, el peticionario nunca informó al Tribunal de Primera Instancia de su error en la notificación y este proceder causó confusión e impactó la eficiente tramitación del pleito en todas las etapas adjudicativas. Según surge de su Sentencia, el Tribunal de Apelaciones entendió que no tenía jurisdicción y concluyó que el recurso era prematuro al recalcar que el Tribunal de Primera Instancia emitió una Orden el 7 de julio de 2022 concediéndole al CEMPR diez (10) días para que expresara su postura sobre la Moción de Reconsideración. Sin embargo, del expediente no surge que el Tribunal de Primera Instancia tuviera conocimiento de que la reconsideración fue defectuosa y por tanto no contó con la oportunidad, previo a la presentación del recurso de *Certiorari,* de declarar sin lugar la moción. El peticionario tampoco compareció posteriormente para retirar la Moción de Reconsideración y así clarificar el expediente judicial.

La falta de diligencia desplegada en informar al Tribunal de Primera Instancia creó un expediente impreciso que, cuando fue corroborado por el panel apelativo creó la impresión de un caso con trámites pendientes y no propicio para su intervención. Dado lo anterior, entendemos pertinente que, en el futuro, de darse una situación similar en la que una parte incumple con la Regla 47 de Procedimiento Civil, *supra,* y pretende presentar una apelación o un *certiorari* al foro apelativo intermedio dentro del término dispuesto en las reglas, deberá mediante escrito al Tribunal

de Primera Instancia solicitar el retiro de la moción de reconsideración. Además, el foro primario dentro de su facultad de velar por el buen manejo del caso podrá sancionar económicamente a la parte por su falta de diligencia al no notificar la moción y provocar un innecesario despliegue de los recursos del tribunal, conforme a lo dispuesto en la Regla 44.2 de Procedimiento Civil, *supra*.

Por último, se le recuerda a la clase togada su deber de notificar conforme lo dispuesto en la Regla 67.2, 32 LPRA Ap. V, entiéndase remitiendo una copia "por correo, fax o medio electrónico a la última dirección que se haya consignado en el expediente por la parte que se autorrepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones". Aun cuando esta regla permite la notificación por medios electrónicos y se adapta a los avances tecnológicos, recae en los abogados asegurar haber efectivamente enviado la copia a la otra parte.

## IV.

Por los fundamentos expuestos, erró el Tribunal de Apelaciones al determinar que no tenía jurisdicción para atender el recurso de *Certiorari* del peticionario. El recurso no era prematuro, toda vez que la Moción de Reconsideración presentada ante el Tribunal de Primera Instancia no interrumpió el término para solicitar la revisión de la sentencia emitida el 15 de junio de 2022. Se

revoca la Sentencia recurrida y se devuelve el caso al Tribunal de Apelaciones para los procesos posteriores. Se dictará Sentencia de conformidad.


                             Mildred G. Pabón Charneco
                                  Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| División de Empleados Públicos de la Unión General de Trabajadores<br><br>    Peticionario<br><br>        v.<br><br>Cuerpo de Emergencias Médicas de Puerto Rico (CEMPR)<br><br>    Recurrido | CC-2022-0671 |

SENTENCIA

En San Juan, Puerto Rico, a 5 de septiembre de 2023.

Por los fundamentos expuestos, erró el Tribunal de Apelaciones al determinar que no tenía jurisdicción para atender el recurso de *Certiorari* del peticionario. El recurso no era prematuro, toda vez que la Moción de Reconsideración presentada ante el Tribunal de Primera Instancia no interrumpió el término para solicitar la revisión de la sentencia emitida el 15 de junio de 2022. Se revoca la Sentencia recurrida y se devuelve el caso al Tribunal de Apelaciones para los procesos posteriores.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo